UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARBARA POTTER,<br><br>    Plaintiff,<br><br>v.<br><br>THE WEDGEWOOD GROUP, a foreign limited liability corporation doing business as LIFE CARE CENTER OF RENO; ABC CORPORATIONS I through X; BLACK COMPANY AND WHITE COMPANIES; and JOHN DOE I through X, inclusive,<br><br>    Defendants. | 3:08-CV-00272-LRH-VPC<br><br>ORDER |

Before the court is Defendant The Wedgewood Group's Motion for Summary Judgment (#20[1]). Plaintiff Barbara Potter has filed a response (#21) to which Defendant replied (#22).

**I.    Facts and Procedural History**

This is negligence action arising out of an injury Plaintiff, a Nevada resident, sustained on July 17, 2007, at Life Care Center of Reno ("Life Care"), a foreign corporation.[2]  At the time, Plaintiff was working as a certified nursing assistant for VistaCare, a provider of hospice services. On the date of the injury, VistaCare sent Plaintiff to provide nursing service to a resident of Life

---

[1] Refers to the court's docket entry number.

[2] Defendant The Wedgewood Group is doing business as Life Care Center of Reno.

1   Care Center.  Plaintiff's co-worker, Warren Clark, assisted her in caring for the resident.

2   When Plaintiff arrived at Life Care, Clark was in the process of showering the resident.
3   While Clark finished the resident's shower, Plaintiff returned to the resident's room to change the
4   linens.  The floor in the room had been recently mopped, and Plaintiff allegedly slipped on the wet
5   floor, breaking her left wrist.  The parties dispute whether a caution sign was posted and whether
6   Plaintiff was verbally warned about the wet floor.

7   VistaCare is a hospice care provider that provides end of life care to patients during the last
8   six months of their lives.  VistaCare certified nursing assistants help patients with daily living,
9   hygiene, and meal preparation.  In addition, VistaCare employees focus on making their patients
10  comfortable and easing any pain they may be suffering.

11  Life Care Center of Reno is a skilled nursing and long term care facility.  In particular, Life
12  Care provides "skilled nursing, home-like environments, rehabilitation therapy, around-the-clock
13  medical supervision and help with activities of daily living." (Def.'s Mot. Summ. J. (#20), Ex I.)

14  On March 1, 2005, VistaCare and Life Care entered into a contract under which VistaCare
15  employees would provide hospice care, upon the specific request of a resident or treating physician,
16  to residents of Life Care.  Under the terms of the contract, both VistaCare and Life Center acted as
17  independent contractors rather than as employees or agents of each other.

18  Since the date of her injury, Plaintiff has undergone two closed reduction surgeries and one
19  open reduction internal fixation surgery.  On August 9, 2007, Plaintiff was diagnosed with complex
20  regional pain syndrome.  On February 28, 2008, at the request of VistaCare's worker's
21  compensation department, Plaintiff underwent a Partial Permanent Disability evaluation.
22  According to the evaluation, Plaintiff has a whole person impairment of twelve percent.  After the
23  evaluation, Plaintiff received a worker's compensation settlement from VistaCare.

24  In the complaint, Plaintiff alleges Life Care negligently maintained the floor of its facility
25  and negligently failed to warn Plaintiff of the floor's dangerous condition.  Plaintiff seeks general

26

damages, existing and future hospital, doctor, and medical expenses, lost earnings, and future loss of earnings capacity.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact.  *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact "that might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).  A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine

dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

### III. Discussion

In Nevada, worker's compensation is an employee's sole remedy for work-related injuries. *See* Nev. Rev. Stat. § 616A.020. Thus, under Nevada's Industrial Insurance Act ("NIAA"), employers are generally immune from common law liability for workplace injuries. *Meers v. Haughton Elevator*, 701 P.2d 1006, 1007 (Nev. 1985).

The NIAA is "'uniquely different' from industrial insurance acts of some states in that sub-contractors and independent contracts are afforded the same status as 'employees.'" *Id.* at 1007 (citations omitted). In relevant part, section 616A.210 provides, "Except as otherwise provided in NRS.616B, subcontractors, independent contractors and the employees of either shall be deemed to be employees of the principal contractor for the purposes of chapters 616A to 616D, inclusive, of NRS." Nev. Rev. Stat. § 616A.210.

However, the NIAA provides an exception to the otherwise broad protection afforded to principal contractors with regard to subcontractors, independent contractors, and their employees. *Meers*, 701 P.2d at 1007. Under section 616B.603(1), a person is not an employer for purposes of worker's compensation if he (1) "enters into a contract with another person or business which is an independent enterprise" and (2) "is not in the same trade, business, profession, or occupation as the independent enterprise." Nev. Rev. Stat. § 616B.603(1).

It is undisputed that, under the contract entered into by the parties, VistaCare is an independent contractor. Thus, under section 616B.603(1), to determine whether VistaCare is Life Care's statutory employee, the court considers the following: (1) whether VistaCare is an independent enterprise; and (2) whether Life Care is in the same trade, business, profession, or occupation as VistaCare. Nev. Rev. Stat. § 616B.603(1). The court will address each of these factors below.

4

### A. Independent Enterprise

Section 616B.603(2) defines an "independent enterprise" as a "person who hold himself out as being engaged in a separate business and: (a) Holds a business or occupation license in his own name; or (b) Owns, rents or leases property used in furtherance of his business." Nev. Rev. Stat. § 616B.603(2). VistaCare holds business licenses in Reno, Sparks, and the State of Nevada. (*See* Pl.'s Opp. (#21), Ex. 4 at 44:4.) In addition, VistaCare operates nationwide, with forty-six offices in twelve states. (*See id.*, Ex.2.) Thus, under either prong of section 616B.603(2), VistaCare is an independent enterprise.

### B. Same Trade, Business, or Profession

To determine whether an independent contractor and the primary contractor are in the same trade, business, or profession, Nevada courts employ the "normal work" test. *Meers*, 701 P.2d at 1007. Under this test, the court considers whether the "indispensable activity [of the independent contractor] is, in [the contractor's] business, normally carried on through employees rather than independent contractors." *Id.* The purpose of the inquiry is essentially to demonstrate that a "person who enters into a contract with an independent enterprise in a different line of work, to perform work not normally carried out by the person's own employees, is not considered a statutory employer." *Harris v. Rio Hotel & Casino*, 25 P.3d 206, 212 (Nev. 2001).

In *Hays Home Delivery v. Employers Insurance Company of Nevada*, 31 P.3d 367 (Nev. 2001), the Nevada Supreme Court took an expansive view of what constitutes the "same trade" under Nevada law.[3] There, Hays Home Delivery, a national logistics management company, provided appliance, electronics, and furniture delivery services nationwide for various retailers. *Id.* at 368. Rather than having its own employees deliver the merchandise, Hays contracted with "owners-operators" to make the deliveries. *Id.* Hays attempted to distinguish its business from the

---

[3] The court notes that the factual scenario presented in *Hays* is different from the facts of this case. There, to avoid *worker's compensation liability*, Hays attempted to show that its independent contractor was *not* its employee. Nonetheless, the court's analysis is demonstrative.

5

1  business of one such owner-operator by characterizing its business as merely administering
2  deliveries and characterizing the owner-operator's business as making deliveries.  The court
3  rejected Hays' argument and held that the owner-operator was in the same trade as Hays because
4  "both were in the 'trade' of delivering merchandise from retailers to end-customers." *Id.* at 371.

5      Here, even assuming, as Plaintiff contends, Life Care does not provide hospice care services
6  to its patients, Life Care and VistaCare nonetheless each engage in the same trade of providing care
7  and treatment to patients.  In *Hays*, the employees of Hays Home Delivery did not complete one
8  aspect of Hays' business, delivering merchandise, and instead, the company hired independent
9  contractors to make the deliveries.  Similarly, here, Life Care hires independent contractors to
10 provide hospice care services.  Under the broad approach used by the Court in *Hays*, these services
11 fall within the "trade" of providing care and treatment to patients.

12     Thus, the court finds that no genuine issues of fact remain concerning whether Life Care
13 and VistaCare are engaged in different trades, businesses, or professions.  As a result, although
14 VistaCare is an independent enterprise, it is nonetheless Life Care's statutory employee.  Because
15 Plaintiff is VistaCare's statutory employee, it is also Life Care's statutory employee.  Under the
16 NIIA, Life Care is immune from liability, and worker's compensation is the only remedy available
17 to Plaintiff for her injuries.

18     IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#20) is
19 GRANTED.

20     The Clerk of the court shall enter judgment accordingly.

21     IT IS SO ORDERED.

22     DATED this 8th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE